IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST John C.
TRITSCHLER, Attorney at Law.

Supreme Court

*No. 88–0727–D. Filed November 11, 1988.*

(Also reported in 430 N.W.2d 915.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

The referee recommended that Attorney John C. Tritschler be publicly reprimanded for professional misconduct consisting of neglect of a client's legal matter, misrepresentation to the client of the status of that matter and failure to respond to her requests for information concerning it, failure to return the client's file and refund the retainer after the client discharged him and, in this matter and another, failure to respond to the Board of Attorneys Professional Responsibility in its investigation of grievances and failure to timely appear before the Board in those investigations.

We determine that, under the circumstances presented, Attorney Tritschler's professional misconduct warrants the imposition of a public reprimand as discipline. In making that determination, we take into account that this is the first time Attorney Tritschler has been the subject of discipline and that he ultimately returned the client's file and refunded the retainer he had received for her representation, together with interest. Nevertheless, his misconduct was a serious breach of his professional duties, not only to his client in conscientiously pursuing her legal matter and keeping her informed of the status of that matter, but also to the court and the Board it has charged with the responsibility to enforce, in the first instance, the court's rules of attorney professional conduct. We have often stated in prior disciplinary cases that the latter duty is of such importance as to warrant discipline for its violation alone.

Attorney Tritschler was admitted to practice law in Wisconsin in 1975 and practices in Milwaukee. He has not previously been the subject of a disciplinary proceeding. The referee is Attorney Rudolph P. Regez.

The parties stipulated to the following facts. In 1986 a woman retained Attorney Tritschler and paid him a $400 retainer to bring an action on her behalf against a distributor from whom she had purchased a photocopy machine. After Attorney Tritschler filed that action, one of the defendants wrote to him that he was unable to file an answer to it because one of the pages of the complaint and all of the purported attachments were missing from the copy served on him. Attorney Tritschler failed to respond to the request for a complete copy of the complaint.

Subsequently, the court informed counsel in the action that it had been placed on the dismissal

calendar for July 21, 1986. Notwithstanding that notice, when the client wrote to Attorney Tritschler and later made several telephone calls asking for a progress report and why a collection agency had demanded full payment and had told her it was not aware of any pending action, Attorney Tritschler told her that the action was pending and that the collection agency was in error.

When the matter was called on the dismissal calendar, the court granted Attorney Tritschler 10 days to file an amended complaint, which he did, although it, too, was incomplete. Counsel for one of the defendants notified Attorney Tritschler of that fact and stated that he would move for dismissal of the action. The case was then placed on the dismissal calendar for October 24, 1986, but Attorney Tritschler failed to file further amended pleadings and also failed to appear at that hearing, despite having received notice of it. As a consequence, the court dismissed the action.

In November, 1986, the client telephoned Attorney Tritschler and asked for a status report, to which Attorney Tritschler responded that he was working on settlement negotiations with the defendants. He also said that he would give the client additional information in two weeks' time. Thereafter, however, he failed to respond to the client's telephone requests or to her letter seeking information.

The client ultimately discovered that her action had been dismissed when she contacted other Milwaukee counsel to look into the matter. It was then necessary for her to retain other counsel to represent her, for which she incurred additional expense. She asked Attorney Tritschler to return her file and

351

refund the retainer she had given him, but Attorney Tritschler did not respond to that request.

During the Board's investigation of this matter Attorney Tritschler failed to respond to two letters requesting information and also failed to appear at the Board's office to respond to questions regarding the matter. However, he did appear before the Board subsequently and answered questions and agreed to supply certain documents, although he thereafter failed to supply them.

In an unrelated matter, Attorney Tritschler failed to respond to two written requests from the Board in its investigation of a grievance and failed to appear before the Board at a scheduled meeting to respond to questions concerning the matter. However, Attorney Tritschler appeared at a second scheduled meeting.

The referee concluded that Attorney Tritschler neglected the client's legal matter, in violation of SCR 20.32(3)(1986), falsely misrepresented to her that he was proceeding with the matter and failed to inform her of the dismissal of the action, in violation of SCR 20.04(4)(1986), failed to return her file and refund the retainer she had paid, in violation of SCR 20.35(1)(c)(1986), and failed to respond to Board inquiries and appear before the Board, in violation of SCR 22.07(2).

In recommending the imposition of a public reprimand as discipline for that professional misconduct, the referee noted that the Board had suggested a public reprimand as appropriate discipline in the course of the disciplinary proceeding and also that Attorney Tritschler had refunded the retainer to the client in full and voluntarily paid her interest on it.

We adopt the referee's findings of fact and conclusions of law in this matter. In light of the circum-

stances of the case, we consider a public reprimand sufficient discipline to impress upon Attorney Tritschler and other attorneys their responsibilities to their clients to provide competent representation and to the court to promptly and fully respond to the inquiries of the court's Board concerning allegations of an attorney's violation of the Rules of Professional Conduct.

IT IS ORDERED that Attorney John C. Tritschler is publicly reprimanded for professional misconduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order John C. Tritschler pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within that time, the license of John C. Tritschler to practice law in Wisconsin shall be suspended until further order of the court.