IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
John C. TRITSCHLER, Attorney at Law.

Supreme Court

*No. 91-2395-D.—Decided June 23, 1992.*

(Also reported in 485 N.W.2d 261.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of John C. Tritschler to practice law in Wisconsin be suspended for three years as discipline for professional misconduct. That misconduct consisted of neglect of numerous client matters, continuing to practice law while suspended from practice, failure to respond to court orders, failure to maintain client funds in his trust account, failure to maintain complete records of client funds held in trust, failure to promptly deliver funds belonging to a third party or provide an account-

ing of those funds, failure to deliver to a client funds held in trust to which the client was entitled, failure to inform clients of an existing or apparent conflict of interest and continuing to represent them without obtaining their written consent and failure to timely respond to inquiries of the Board of Attorneys Professional Responsibility (Board) in its investigation of his conduct.

We determine that the recommended three-year license suspension is appropriate in light of the seriousness and extent of Attorney Tritschler's misconduct. This is the second time his professional misconduct has come before the court. By his misconduct considered in this proceeding, Attorney Tritschler has demonstrated that he lacks the ability or willingness to meet his fundamental professional, obligations to persons whose legal interests he has undertaken to represent. Further, he has shown a propensity to ignore his obligations to the courts in which his clients' matters are being litigated.

Attorney Tritschler was admitted to practice law in Wisconsin in May, 1978 and practices in Milwaukee. Since May, 1989, he has been suspended from the practice of law for failure to comply with the continuing legal education requirements. In 1988, the court publicly reprimanded him for neglect of a client's legal matter, misrepresentation to the client regarding the status of that matter and failure to respond to the client's request for information concerning it, failure to return the client's file and refund the retainer after being discharged and his failure to respond to the Board in its investigation of that client's grievance and another grievance and failure to timely appear before the Board in the course of those investigations. *Disciplinary Proceedings Against Tritschler,* 146 Wis. 2d 349, 430 N.W.2d 915. Pursuant to the parties' stipulation, the referee, Attorney Rudolph P. Regez, made the following findings of fact concerning

six matters in respect to which Attorney Tritschler engaged in professional misconduct.

(1) In December, 1986, Attorney Tritschler was retained by a couple to represent them regarding a leaky basement. He commenced an action on their behalf in circuit court against the sellers of that property. During the course of that action, he failed to timely answer the defendants' interrogatories and belatedly provided incomplete answers, agreed to produce certain documents but did not do so and failed to attend with his client two scheduled depositions of the client. The court denied the defendants' motion to dismiss based upon the plaintiffs' failure to comply with discovery but imposed costs upon the plaintiffs of $810 and thereafter, on a second motion to dismiss, again imposed costs against the plaintiffs.

As the action continued, the parties agreed to a settlement by which the defendants gave Attorney Tritschler a $1,000 check and a release and order of dismissal. Attorney Tritschler was asked to hold the settlement proceeds in his trust account until the release and dismissal order were returned to defendants' counsel and filed with the court. Without signing the release or returning the dismissal order, Attorney Tritschler deposited the settlement check into his trust account and issued a check, drawn in part on those settlement funds, payable to his business partner, who was not involved in this litigation. After the defendants' attorney wrote to the judge presiding in the action, the judge wrote to Attorney Tritschler requesting a response to the complaints of the defendants' attorney. Attorney Tritschler failed to respond to the judge's correspondence.

When the judge notified the Board of Attorney Tritschler's conduct in the matter, the Board wrote to Attorney Tritschler requesting his response within 20

days. Attorney Tritschler did not respond to that request nor to a subsequent request from the Board.

The referee concluded that Attorney Tritschler neglected and failed to diligently and promptly pursue his clients' legal matter, in violation of former SCR 20.32(3) and current SCR 20:1.3;[1] his failure to maintain the $1,000 settlement funds in his trust account pending return and filing of the release and dismissal order, as had been a condition of disbursement of those funds, constituted misrepresentation, in violation of SCR 20:8.4(c);[2] his failure to timely respond and provide information to the Board in its investigation violated SCR 22.07(2).[3]

---

[1]SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[2]SCR 20:8.4 provides:

**Misconduct**
It is professional misconduct for a lawyer to:
. . .
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

[3]SCR 22.07 provides:

**Investigation.**
. . .
(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

(2) In August, 1987 Attorney Tritschler was retained by a man concerning a rent collection action. Pursuant to an agreement of the parties to that litigation, Attorney Tritschler collected rental payments from the defendant and, as of January, 1988, had collected $2,671, which he placed in his trust account. In March, 1988 the plaintiff requested disbursement of portions of the rental payments being held in trust but Attorney Tritschler did not pay over any of those funds at that time. In July, 1988 the client again requested that Attorney Tritschler pay the rental fees to him and Attorney Tritschler did so by a trust account check in the amount of $2,671. That check, however, was returned for insufficient funds. Attorney Tritschler then deposited his own funds into his trust account and paid the plaintiff the full amount of the rental payments by cashier's check.

At that time, Attorney Tritschler's records failed to fully and adequately document the source and disbursement of client funds placed in his trust account. When he made payment from his trust account to his business partner, as set forth in (1), above, a portion of the funds on which that check was drawn were the rental payments he had collected on behalf of the client in this matter.

The referee concluded that Attorney Tritschler failed to maintain complete client trust account records, in violation of former SCR 20.50(2)(c) and current SCR 20:1.15(e);[4] he failed to hold rental payment fees in trust,

---

[4]SCR 20:1.15 provides:

**Safekeeping property**

. . .

(e) Complete records of trust account funds and other trust property shall be kept by the lawyer and shall be preserved for a period of at least six years after termination of the representation . . ..

302

in violation of former SCR 20.50(1)(b) and current SCR 20:1.15(d);[5] he failed to promptly deliver funds held in trust to his client, in violation of SCR 20:1.15(b);[6] he disbursed a portion of client funds held in trust to a person not entitled to them and without authority to do so, in violation of SCR 20:1.15(a)[7] and (d) and SCR

---

[5]SCR 20:1.15 provides:

**Safekeeping property**

. . .

(d) When, in the representation, a lawyer is in possession of property in which both the lawyer and another person claim interests, the property shall be treated by the lawyer as trust property until there is an accounting and severance of their interests. If a dispute arises concerning their respective interests, the portion in dispute shall continue to be treated as trust property until the dispute is resolved.

[6]SCR 20:1.15 provides:

**Safekeeping property**

. . .

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

[7]SCR 20:1.15 provides:

**Safekeeping property**

(a) A lawyer shall hold in trust, separate from the lawyer's own property, property of clients or third persons that is in the lawyer's possession in connection with a representation. All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c) maintained in a bank, trust company, credit union or savings and loan association authorized to do business and located in Wisconsin, which account shall be clearly designated as 'Client's Account' or 'Trust Account' or words of similar import, and no funds belonging to the

20:8.4(c).

(3) In the fall of 1987, Attorney Tritschler was retained by a man in a divorce proceeding in circuit court. The parties reached an agreement concerning the disbursement of certain funds, $750 of which was to be held in Attorney Tritschler's trust account pending resolution of certain claims. Although Attorney Tritschler's records did not identify either the source of payees of deposits into that account and disbursements from it between November 16, 1987 and December 9, 1987, by the latter date, the balance of his trust account was below $750. During that time, Attorney Tritschler issued checks on behalf of his client to the register of deeds and to the county treasurer which exceeded the amount held in trust on that client's behalf.

Thereafter, the plaintiff filed a motion for an order to show cause for remedial contempt for Attorney Tritschler's failure to retain the $750 in his trust account. The circuit judge issued an order directing Attorney Tritschler to pay $750 to the clerk of the court and the attorney for the plaintiff sent Attorney Tritschler a copy of that order on February 21, 1989. That attorney sent Attorney Tritschler a letter one month later requesting that he pay the $750 to the clerk of courts. Approximately one month after that, the plaintiff's attorney wrote to the judge that, despite his letters and telephone calls to Attorney Tritschler, the $750 was not paid to the clerk of courts as the court had ordered.

After receiving notification of Attorney Tritschler's conduct in this matter from the circuit judge, the Board wrote to Attorney Tritschler asking for a response within 20 days. Attorney Tritschler did not respond to

lawyer or law firm except funds reasonably sufficient to pay account service charges may be deposited in such an account . . ..

that request or to a second request for information. Attorney Tritschler ultimately appeared before the Board as ordered to respond in this matter.

The referee concluded that Attorney Tritschler failed to maintain and safeguard in his trust account funds that were in dispute in pending litigation and which he was obligated to safeguard, in violation of former SCR 20.50(1)(b) and current SCR 20:1.15(d); his failure to maintain complete records of all funds coming into his possession violated former SCR 20.50(2)(c) and current SCR 20:1.15(e); his failure to comply with the court's order to deposit the funds with the clerk of courts violated SCR 20:1.15(b); his failure to timely respond and provide information to the Board in its investigation violated SCR 22.07(2).

(4) In January, 1988 while retained to represent the couple in the action concerning the leaky basement and on other matters, Attorney Tritschler sought and received a $10,000 loan from his clients, payable to Attorney Tritschler's wife. As security for the loan, Attorney Tritschler, his wife and his business partner executed a promissory note and Attorney Tritschler gave a second mortgage on his home. Attorney Tritschler subsequently defaulted on the loan without having made full payment. While it appears that there was a $5,000 set off against his legal fees and $4,500 in payments, the matter of the default on the note is currently in litigation in circuit court. When he obtained the loan, Attorney Tritschler did not advise the clients of any actual or potential conflict of interest nor did he obtain their written consent to continue their representation after obtaining the loan. The referee concluded that Attorney Tritschler thereby violated SCR 20:1.8(a).[8]

[8] SCR 20:1.8 provides:

305

(5) In September, 1988 the former Board of Attorneys Professional Competence (BAPC) sent Attorney Tritschler a notice informing him of changes in the continuing legal education rules and sent him a reminder notice two months later. A third notice was sent to him in February, 1989 notifying him that he had not satisfied the legal education requirements. A month thereafter the BAPC served him by mail with a notice of noncompliance, informing him that compliance was required within 60 days or he would become ineligible to practice law. Attorney Tritschler failed to comply.

As a consequence, in May, 1989 the BAPC served him by mail with a notice of suspension. Despite that notice, which Attorney Tritschler testified he did not see, and despite becoming aware of the suspension on January 3, 1991, Attorney Tritschler continued to practice law. The referee concluded that his continuing to practice law after being suspended violated SCR 22.26(2)[9] and constituted misconduct pursuant to SCR

**Conflict of interest; prohibited transactions**

(a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:

(1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client;

(2) the client is given a reasonable opportunity to seek the advice of independent counsel in the transaction; and

(3) the client consents in writing thereto.

[9]SCR 22.26 provides:

**Activities on revocation or suspension of license.**

. . .

(2) A suspended or disbarred attorney may not engage in the practice of law or in any law work activity customarily done by law students, law clerks or other paralegal personnel, except that he or she may engage in law related work for a commercial employer not itself engaged in the practice of law.

20:8.4(f).[10]

(6) In the fall of 1989, Attorney Tritschler was retained by a couple to represent them in an appeal. Attorney Tritschler filed a notice of appeal but did not timely file a statement on transcript as required by the appellate rules. The court of appeals notified him by order that sanctions would be imposed unless the statement on transcript were filed within five days. Attorney Tritschler nevertheless failed to timely file the statement on transcript. The court of appeals then issued an order requiring the statement on transcript to be filed by a date certain and ordered Attorney Tritschler to pay a penalty of $25 within seven days. Attorney Tritschler failed to respond to that order.

The court of appeals then issued an order directing Attorney Tritschler to appear on a date certain to show cause why he should not be found in contempt unless, prior to the date of that appearance, he paid the penalty previously imposed. Attorney Tritschler was on vacation when that order was received at his office and did not see it until he returned, after the date set for him to show cause. As a result, he failed to pay the penalty by that date or appear before the court as ordered. The court then again ordered him to show cause why he should not be held in contempt. Attorney Tritschler appeared as ordered and was found in contempt.

The referee concluded that Attorney Tritschler failed to diligently and promptly pursue his clients' legal matter, in violation of SCR 20:1.3, and knowingly dis-

---

[10]SCR 20:8.4 provides:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(f) violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers;

obeyed an obligation under the court's rules, in violation of SCR 20:3.4(c).[11]

We adopt the referee's findings of fact and conclusions of law in respect to Attorney Tritschler's misconduct in these matters. In making a recommendation for a three-year license suspension as discipline for that misconduct, the referee noted that, at the disciplinary hearing, Attorney Tritschler requested and was given an opportunity to file a written statement concerning mitigating factors but he did not file that statement. The referee observed that this was a repetition of his conduct in the course of the 1988 disciplinary proceeding before the same referee when Attorney Tritschler asked for and was given an opportunity to file a statement setting forth mitigating circumstances but did not do so.

The seriousness and repetition of Attorney Tritschler's misconduct warrants severe discipline. His neglect of client matters and his repeated ignoring of court orders and procedural rules have undermined the trust his clients had given him when they retained him to represent them and jeopardized their interests which he undertook to protect.

IT IS ORDERED that the license of John C. Tritschler to practice law in Wisconsin is suspended for a period of three years, commencing July 15, 1992.

IT IS FURTHER ORDERED that within 60 days of the date of this order John C. Tritschler pay to the Board of Attorneys Professional Responsibility the costs

---

[11]SCR 20:3.4 provides:

**Fairness to opposing party and counsel**
   A lawyer shall not:

   . . .

   (c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists.

of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of John C. Tritschler to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that John C. Tritschler comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.